IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | CASE NO. 5:14CV2759 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| MICHAEL BOWSER, | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |
| | ) | |

Before the Court is Defendant Michael Bowser's query with respect to the availability of legal assistance.  Doc. 12.  Per the undersigned's Order, Bowser completed and timely filed an Affidavit of Need, requesting the Court to appoint him legal counsel.  *See* Docs. 14; 16.

"Appointment of counsel in a civil case is not a constitutional right.  It is a privilege that is justified only by exceptional circumstances."  *Lavado v. Keohane*, 992 F.2d 601, 605, 606 (6th Cir. 1993); *see also Johnson v. City of Wakefield*, 483 Fed. App'x 256, 260 (6th Cir. 2012).  In considering whether "exceptional circumstances" exist, courts have considered the type of case and the ability of the party to represent himself, including determining the complexity of the factual and legal issues involved.  *Lavado*, 992 F.2d at 606.

Local Rule 83.10 provides,

> At the discretion of the judicial officer, counsel may be assigned to represent a pro se litigant in a civil case pursuant to the Court's Pro Bono Civil Case Protocol. (See Appendix J.) Assignment of counsel is not a right of a pro se litigant but may be utilized in those limited cases where the judicial officer believes such an assignment is warranted. Pursuant to the Protocol, a judicial officer may instruct the Clerk's Office to select counsel with experience in the subject matter of the case from the list of attorneys who have volunteered to provide Pro Bono services. The Court will reimburse assigned counsel, pursuant to the Pro Bono Civil Case Protocol, for certain expenses incurred in providing representation up to $1,500.

In the above captioned case, Plaintiff alleges that Bowser engaged in online copyright infringement using the BitTorrent file distribution network. Doc. 9, p. 3. Plaintiff traced the alleged activity to an IP address registered to Bowser's mother, with whom Bowser lives. Doc. 9, p. 5. The undersigned finds that the issues raised in the case are sufficiently complex, warranting referral to the Clerk's Office under the Pro Bono Civil Case Protocol for selection of an attorney with experience in the subject matter of the case, if available. See *Lavado*, 992 F.2d at 606; Local Rule 83.10. Bowser is cautioned that there is no guarantee pro bono counsel will ultimately be secured.

IT IS SO ORDERED.

Dated: June 22, 2015

Kathleen B. Burke
United States Magistrate Judge