**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO (AKRON)**

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC,** | ) | **CASE NO.: 5:14-cv-02759-SL** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **JUDGE SARA LIOI** |
| | ) | |
| | ) | **MAGISTRATE JUDGE KATHLEEN B.** |
| **MICHAEL BOWSER,** | ) | **BURKE** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

---

**MOTION FOR JUDGMENT ON THE PLEADINGS**

---

The Defendant, Michael Bowser, through the undersigned counsel of record, respectfully moves this Court to dismiss the captioned case against him pursuant to Fed. Civ. R. 12(c).  As this Court is well aware, the 12(c) standard is identical to the 12(b)(6) standard in the Northern District of Ohio.

The basis for this request, which is not interposed for delay, is that the Plaintiff sued Michael Bowser despite the fact that the Time Warner account which the Plaintiff subpoenaed after filing this case only determined that the Time Warner account holder allegedly interfered with the Plaintiff's copyrights.

But, the Plaintiff did not sue the Time Warner account owner nor did the Plaintiff amend the Complaint after learning that the Time Warner account was held by the late Mrs. Bowser. Instead, the Plaintiff continues to sue Michael Bowser alone.  He neither owned the account or

1

the home.  Moreover, because Mrs. Bowser has passed, any claim against her belongs in Medina County Probate Court.

**WHEREFORE**, for the reasons stated above and for good cause shown, the undersigned counsel respectfully requests that the Motion for Judgment on the Pleadings be granted and that Michael Bowser be dismissed with prejudice at Plaintiff's cost, expense and fees.  This is discussed more fully in the accompanying Memorandum in Support attached hereto.

Respectfully submitted,

MICHAEL P. HARVEY CO., L.P.A.

/s/Michael P. Harvey
Michael P. Harvey, Esq. (#0039369)
311 Northcliff Drive
Rocky River, Ohio  44116
Office: (440) 356-9108
Cell:   (440) 570-2812
Email: MPHarveyCo@aol.com
***Attorney for Defendant***

2

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO (AKRON)

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC,** | ) | **CASE NO.: 5:14-cv-02759-SL** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **JUDGE SARA LIOI** |
| | ) | |
| | ) | **MAGISTRATE JUDGE KATHLEEN B.** |
| **MICHAEL BOWSER,** | ) | **BURKE** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

---

## MEMORANDUM IN SUPPORT OF THE MOTION
## FOR JUDGMENT ON THE PLEADINGS

---

## I.     LEGAL DISCUSSION

### A.     The Federal 12(b)(6) and 12(c) Standards Requires Dismissal.

In order to survive a Motion to Dismiss under current U.S. Supreme Court Case Law and

Northern District of Ohio Case Law, a Complaint must contain sufficient factual matter,

accepted as true, that states a claim which that is plausible on its face.  *See* Ashcroft v. Iqbal, 556

U.S. 652, 678 (2009) *citing* Bell Atlantic Corporation v. Twambly, 550 U.S. 555, 544 (2007).

"It is well settled that the standard of review for a Motion for Judgment on the Pleadings

under Fed. Civ. R. 12(c) is the same as that used to address a Motion to Dismiss under Fed. Civ.

R. 12(b)(6).  Gascho v. Global Fitness Holdings LLC, 918 F. Supp.2d 708 (S.D. Ohio 2013)

*citing* Lindsay v. Yates, 498 F.3d 434, 438 (6th Cir. 2007); Morgan v. Church's Fried Chicken,

829 F.2d 10, 11 (6th Cir. 1987) (noting that where a Rule 12(b)(6) defense of failure to state a claim upon which relief can be granted is raised by a 12(c) Motion for Judgment on the Pleadings, the Court must apply the standard for a 12(b)(6) standard.)

A claim is "plausible" where a Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged.  *Id*.

Plausibility is not akin to a probability requirement.  Instead, it asks for more than a sheer possibility that the Defendant has acted unlawfully.  *Id*.

Where the pleadings does not permit the Court to infer more than the mere possibility of misconduct, the Complaint has alleged, but not shown, that the pleader is entitled to relief and the case shall be dismissed. Malibu Media LLC v. John Doe, 2014 WL 4986467 (S.D. Ohio 2014).

The Malibu Media Court noted that pleadings offering mere labels and conclusions or formalistic recitations of the elements of a cause of action will not do.  *Id*. *citing* Twambly, 500 U.S. at 555.  The factual allegations must be enough to raise a right to relief above the speculation level.  *Id*.

The Malibu Media Court also noted that when a case presents a 12(b)(6) motion, the Court may consider the Complaint and any Exhibits attached to the Complaint, public records, items appearing in the Record of the case and any Exhibits attached to the Defendant's Motion to Dismiss, as long as they are referred to in the Complaint and are essential to the claims contained therein.  Malibu Media, *Id*. *citing* Bassett v. National Collegiate Athletic Association, 528 F.3d 426, 430 (6th Cir. 2008).

The Plaintiff has alleged that Michael Bowser, who did not own the Time Warner account which generated the bit torrent protocol units, violated the Plaintiff's copyrights.  But,

the owner of the Time Warner account that allegedly shows up on the bit torrent third-party data research that is referred to in the Complaint is the Time Warner account holder who has passed on.  The docket contains the death certificate of the account holder who has passed on.

As such, the Defendant suggests to this Court that the Plaintiff has not plead sufficient factual content that allows the Court to draw the reasonable inference that this Defendant, Michael Bowser, is liable for alleged misconduct.  Yes, it is undoubtedly the case that the Plaintiff will allege that he had access to the Time Warner account, but that cannot be proven.  The only evidence in this case to support the copyright violation is the bit torrent information from the third-party expert and that only allegedly demonstrates which titles were viewed, and when, via the subpoena that the Plaintiff obtained on Time Warner.  It does not demonstrate that Michael Bowser downloaded these movies on his mother's account or viewed the materials, and he has not admitted this.

So, the Defendant here, Michael Bowser, suggests to the Court that the Amended Complaint sued the wrong party to begin with.  It does not permit the Court to infer more than the mere possibility of misconduct.  Therefore, the Plaintiff has not shown entitlement to relief.  And, in fact, even if the Plaintiff could allege any case here, an indispensable party is missing and the relief would be in Probate Court when the estate is opened.

**B.      Even If the Court Permits An Infringement Case Based Upon an IP Address, the Holder of That Address Has Passed On and Has Not Been Sued.**

As already mentioned above, the holder of the IP Address that allegedly violated the Plaintiff's copyrights has passed on.  Her death certificate is a matter of record on this Court's docket.  The Plaintiff failed to sue the holder of the Time Warner account, Michael's mother, who owns that address.  The only way that the Plaintiff should have been able to sue Michael Bowser alone is if the bit torrent information from the third-party expert that uses in all these

5

cases shows that it is Michael Bowser, or Michael Bowser admitted that he was the one that downloaded all these movies or whatever content is alleged without paying for the copyright licenses.  That is not the case.

In the Malibu Media LLC v. John Doe, 2014 WL 4986467 (S.D. Ohio 2014) Case, the Plaintiff alleged that the Defendant in that case was the subscriber assigned the IP address, and this unique IP address was being used to copy and distribute Plaintiff's copyrighted movies.  That is because that is all the information they have available to them when they filed their lawsuit.  And, the argument that was made in that case that there were third parties that might have somehow gained access to the IP address is a very serious distinction because the IP address holder from whence the copyright violations occurred is deceased and so, the claims, if any, should be brought in Probate Court, not against Michael Bowser.

As many cases have held in the Northern and Southern Districts, in order to demonstrate copyright infringement, you have to demonstrate ownership of valid copyright, which assumably the Plaintiff has done by its attachments, and then the copying of constituent elements of the work that are original, which the Plaintiff cannot demonstrate and never can.  _See_ Malibu Media LLC _Id_. _citing_ Balsley v. LFP, Inc., 691 F.3d 747, 758 (6th Cir. 2012).

As stated in numerous times in other cases, the Plaintiff's Complaint consists only of a series of statements on the general workings of a bit torrent protocol, followed by the allegation that its expert has demonstrated that one or more movies were downloaded from a certain IP number, which was owned by the Defendant's mother at her home.  An IP address is a series of numbers associated with a server website, and it is used to route traffic to the proper destination of the Internet.  But, assuming for the sake of argument that it is her IP address and certainly there is no allegation that it was Michael Bowser's Internet Protocol address.  And, the only way

that this could be discerned at the current time is if Michael Bowser admitted it, and he has already answered and denied all allegations.  As such, a Motion for Judgment on the Pleadings is appropriate.

**C. The Plaintiff's Failure to Join All Proper Parties or More Appropriately, to Sue the Right Party Requires Dismissal.**

At the time this lawsuit was filed, Michael Bowser's mother was alive.  She was the one that owned the IP account that is alleged to have been involved with the Plaintiff's copyrighted materials according to the Plaintiff's bit torrent analysis through its third-party expert.  She and only she should have been the one named in this lawsuit, pursuant to Fed. Civ. R. 19.

There is no current basis for suing Michael Bowser.  He is not the owner of the IP account or the home.  He has denied any of the allegations in the Complaint and should not have been sued to begin with unless the Plaintiff had evidence beyond bit torrent data from an IP address that he was somehow culpable or responsible for infringing on these copyrighted materials.

Pursuant to Fed. Civ. R. 12, 19 and 21, Michael Bowser should be dismissed as a party, and his mother or now his mother's estate be substituted as the proper party, or the matter dismissed and the Plaintiffs must sue in Probate Court.  The late Mrs. Bowser, the owner of the Time Warner account in question, is an indispensable party and was never joined in this lawsuit. The Plaintiff, Malibu Media, failed to meet its burden to negate her indispensability.  NLRB v. Doug Neil Management Co., 620 F.2d 1133, 1138-39 (where an initial appraisal of the facts revealed the possibility that an unjoined party is arguably indispensable, the burden devolves upon the parties whose interest are adverse to the unjoined party to negate the unjoined party's indispensability to the satisfaction of the Court) *quoting* Boles v. Greenville Housing Authority, 468 F.2d 476, 478 (6th Cir. 1972).

7

The Sixth Circuit Court of Appeals uses a three-part test to determine whether a party is indispensable under Ohio Civ. Procedure Rule 19.  "First, the Court must determine whether the person or entity is a necessary party under Rule 19(a)."  Glancy v. Taubman Centers, Inc., 375 F.3d 656, 665-66 (6th Cir. 2004) *cited* within Laethem Equipment Co. v. Deere & Co., 485 Fed. Appx. 39 (6th Cir. 2012).  "Second, if the person or entity is a necessary party, the Court must then decide if joinder of that person or entity will deprive the Court of subject matter jurisdiction."  Glancy, 375 F.3d 656.  "Third, if joinder is not feasible because it will eliminate the Court's ability to hear the case, the Court must analyze the Rule 19(b) factors to determine whether the Court should in equity and good conscience dismiss the case because the absentee is indispensable."  Glancy, *Id.* 656.

Thus, according to the Sixth Circuit, a person is only indispensable within the meaning of Civ. R. 19 if (1) it is necessary; (2) its joinder cannot be effected; and (3) the Court determines that it will dismiss the pending case rather than proceed in the case without the absentee.  *Id. citing* Four Moore's Fed. Practice Section 19.02(3)(c) at page 19-22.

A party is necessary under Fed. Civ. R. 19 if either (1) in the party's absence, the Court cannot accord relief among existing parties pursuant to Fed. R. Civ. P. 19(a)(1)(A) or (2) if the parties claim an interest relating to the subject matter of the action in disposing of the action and the party's absence may, as a practical matter, impair or impede the parties' ability to protect the interest or leave an existing party subject to a substantial risk of incurring multiple or otherwise inconsistent obligation because of the interest. *See* Fed. R. Civ. P. 19(a)(1)(B).

In this situation, Michael Bowser's mother not only owned the home in which the alleged copyrighting occurred, but also owned the Time Warner account upon which the copyrighting occurred.  Yet, despite the fact the Plaintiff has been aware of this information since before this

case was filed, the Plaintiff never made an effort to sue Mrs. Bowser, who has since passed on. Instead, they initially sued John Doe.  Then, when they got the Time Warner information, they added Michael Bowser to the Complaint.  The Time Warner account was in Mrs. Bowser's name alone.  There is no information that this Defendant is aware of that would permit the Plaintiff to make the quantum leap to suing this Defendant without an admission from Michael Bowser.  The Defendant, Michael Bowser, would suggest that even if there was a claim that could be brought against Mrs. Bowser, who may or may not have downloaded those titles that are alleged in the Amended Complaint, that action must be brought in Probate Court.

## II.     CONCLUSION

**WHEREFORE**, for the reasons set forth above and for good cause shown, the Defendant, Michael Bowser, respectfully requests that the matter pending in this Court brought by Malibu Media against him be dismissed, with prejudice, at the Plaintiff's costs, expenses and fees.

Respectfully submitted,

MICHAEL P. HARVEY CO., L.P.A.

/s/Michael P. Harvey
Michael P. Harvey, Esq. (#0039369)
311 Northcliff Drive
Rocky River, Ohio  44116
Office: (440) 356-9108
Cell:    (440) 570-2812
Email: MPHarveyCo@aol.com
***Attorney for Defendant***

9

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 12, 2015 a copy of the foregoing

MOTION AND MEMORANDUM IN SUPPORT OF THE MOTION FOR JUDGMENT ON

THE PLEADINGS has been forwarded via the Court's electronic filing system to:

> Yousef M. Faroniya
> 84 South 4[th] Street
> Columbus, OH  43215
> (614) 360-1855
> Email: yfaroniya@gmail.com
> **Attorney for Plaintiff**

/s/Michael P. Harvey
Michael P. Harvey, Esq.
**Attorney for Defendant**

MPH/rlb