UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC,** | ) ) ) | CASE NO. 5-14-cv-02759-SL |
| Plaintiff, | ) ) | JUDGE SARA LIOL |
| vs. | ) ) ) | MAGISTRATE JUDGE KATHLEEN B. BURKE |
| **MICHAEL BOWSER,** | ) ) ) ) | **SUPPLEMENTAL REPORT OF THE PARTIES' PLANNING MEETING UNDER FED. R. CIV. P. 26(f) AND L.R. 16.3(b)** |
| Defendant. | ) ) | |

**SUPPLEMENTAL REPORT OF THE PARTIES' PLANNING MEETING**

1. Pursuant to this Court's Order dated August 26, 2015 [CM/ECF 31], Plaintiff was instructed to file the instant report by noon on August 27, 2015. However, due to a clerical oversight, this deadline was no calendared. Plaintiff sincerely apologizes to this court for any inconvenience caused.

2. Yousef M. Faroniya, Esq. counsel for plaintiff Malibu Media, LLC and Michael P. Harvey, Esq. counsel for defendant Michael Bowser discussed their respective versions of such 26f reports during a case management conference held on August 25, 2015.

3. Plaintiff proposes the following Supplemental Report of Parties' Planning Meeting[1]:

4. The parties recommend the following track:

\_\_\_\_\_ Expedited       \_\_x\_\_ Standard       \_\_\_\_\_ Administrative

\_\_\_\_\_ Complex         \_\_\_\_\_ Mass Tort

---

[1] Plaintiff incorporated both Defendant's Report and Plaintiff's Additional Information into the instant report so as to comply with the Local Rules.

1

5. The case is suitable for one or more of the following Alternative Dispute Resolution ("ADR") mechanisms:

Plaintiff proposes:

\_\_\_\_\_ Early Neutral Evaluation        \_\_\_\_\_ Summary Jury Trial

\_\_x\_\_ Mediation                        \_\_\_\_\_ Summary Bench Trial

\_\_\_\_\_ Arbitration                      \_\_\_\_\_ Case not suitable for ADR

Defendant believes this case is suitable for Alternative Dispute Resolution at this time.

6. The Parties consent to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

7. <u>Initial Disclosures</u>:

Plaintiff proposes that initial disclosures be exchanged on or before **September 15, 2015**.

Defendant proposes the parties exchanges initial disclosure within 30 days.

Objections to initial disclosures under Fed. R. Civ. P. 26(a) (1) are not made. If there are objections, they are specified along with the identity of the objecting party in an appendix to the Discovery Plan. The objecting party requests that the Court rule with respect to these disclosures at the Case Management Conference.

8. <u>Subsequent proceedings</u> (for ERISA cases): This does not apply to this case.

9. <u>Subsequent proceedings</u> (for non-ERISA cases):

a) Recommended Discovery Plan:

The parties have discussed initial disclosures pursuant to Fed. R. Civ. P. 26. The parties agree to make initial disclosures in accordance with Fed. R. Civ. P. 26. within 30 days of the Court's issuance of a scheduling order.

Plaintiff:

In addition to the voluntary initial disclosures, Plaintiff intends to take Defendant's deposition, the deposition of persons identified by Defendant in his answers to interrogatories, Defendant's neighbors, and their respective Internet Service Providers.

Defendant:

Defendant filed a Motion for Judgment on the Pleadings. Should the Motion fail to resolve this matter, the parties will seek discovery of all information in Plaintiff's Complaint and the Plaintiff's alleged damages.

    b)      Recommended Electronic Discovery Plan:

Plaintiff proposes the following method for conducting electronically stored information:

Plaintiff anticipates that the claims or defenses will involve extensive electronically stored information, and that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

Plaintiff acknowledges that they are required to preserve relevant electronically stored information. Plaintiff believes that the parties' preservation obligations arise independently in law and equity, and do not require the entry of any order preserving documents and things from destruction or alteration.

Plaintiff's position is that Defendant must preserve, and must immediately take efforts to prevent the destruction, expiration, deletion, overwriting, concealment, or modification (even if such data would otherwise expire, be deleted or overwritten, concealed, or modified in the normal course of business, including through the termination of user accounts) of Electronically Stored Information ("ESI") reasonably related to this litigation in Defendant's possession, custody, or control. This includes preservation of all the following:

  a. Defendant's laptops, desktops, tablets, mobile phones, external storage devices, portable hard drives, external hard drives, Network Attached Storage, USB (thumb) drives, and

any other device which can be used to connect to the internet, download media files, or store electronic data (collectively, "Hard Drives"). Defendant can achieve preservation by retaining an expert to create forensically sound images of Defendant's Hard Drives or not engaging in any of the following activities: (1) deleting any data within any of Defendant's Hard Drives; (2) using data shredding, overwriting, or wiping applications; (3) defragmenting any Hard Drives; (4) re-imaging or replacing drives; (5) compressing a Hard Drive; (6) deleting internet cookies; (7) deleting browser history and favorites; (8) running any "disk clean-up" processes; (9) installing and uninstalling software on any Hard Drive; (10) updating an operating system on any Hard Drive; and/or (11) taking any actions inconsistent with Defendant's preservation obligations for electronically stored information or computer Hard Drives;

b. All contents of any third party cloud storage service such as Amazon Cloud Drive, Apple iCloud, DropBox, Google Drive, MediaFire, Mega, Microsoft SkyDrive, OneDrive, SpiderOak, and Ubuntu One; and

c. Defendant's modem and router used in his home during the period of recorded infringement.

d. All emails, notifications, or correspondence from Defendant's Internet Service Provider ("ISP") to Defendant under the ISP's Copyright Alert System ("CAS").

e. All emails, notifications, or correspondence from Defendant's Internet Service Provider to Defendant regarding a DMCA notice.

In discovery, Plaintiff will be requesting complete forensically sound copies of Defendant's Hard Drives. The parties agree that the forensically sound images will be created by a computer professional or Plaintiff's expert and produced in EnCase E01 format. If examination of Defendant's Hard Drives reveals evidence of spoliation, examination may further include the

restoration or recovery of deleted files or fragments. Nothing in this plan precludes Plaintiff from an award of costs should it succeed at trial.

Plaintiff will be producing: (a) one PCAP for each work infringed; (b) the relevant .torrent files; (c) computer media files that correlate to each of the .torrent files downloaded and distributed by Defendant; (d) any technical reports; (e) original copies of the Infringed Works; (f) MySQL log file in excel form; and (g) Additional Evidence of Third-Party downloads; (h) the .tar files. The PCAPs, .torrent files, computer media files, technical reports, and original version of the Infringed Works will be produced and sent to defense counsel on a DVD disk or USB drive. All other documents will be produced in readable form, either in excel (.xls) or PDF form.

    c) Non-Expert discovery cut-off date:

        a. Plaintiff Proposes: **April 28, 2016**

        b. Defendant Proposes: **a discovery cut-off date of three months after the resolution of Defendants' Motion to Dismiss**.

    d) Recommended deadline for amending pleadings and/or adding additional parties:

        a. Plaintiff proposes: **September 15, 2015**

        b. Defendant Proposes: **September 1, 2015**

    e) Expert report due date for party with the burden of proof: **February 29, 2016**

    f) Rebuttal expert report due date: **March 28, 2016**

    g) Expert discovery cut-off: **April 28, 2016**

8. Recommend Dispositive Motion Plan:

    a) Dispositive motion due date: **May 30, 2016**

    b) Opposition to dispositive motion due date: **June 14, 2016**

    c) Replies in support of dispositive motion due date: **June 14, 2016**

9. Other matters for the attention of the Court:

The Parties recommended the instant case be set for a status hearing on: **November 13, 2015**.

Dated: August 28, 2015

By: */s/ Yousef M. Faroniya*
Yousef M. Faroniya, Esq.
84 South Fourth Street
Columbus, OH 43215
Tel: (614) 360-1855
Fax: (614) 859-5016
Email: yfaroniya@gmail.com
*Attorney for Plaintiff*