IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | CASE NO. 5:14CV2759 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| MICHAEL BOWSER, | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |

On April 20, 2015, Plaintiff Malibu Media, LLC ("Malibu") filed an Amended Complaint ("Complaint") against Defendant Michael Bowser ("Bowser") alleging copyright infringement under 17 U.S.C. §§ 101 *et seq*.  Doc. 9.  Malibu owns the copyrights to a number of adult films.[1]  It alleges that Bowser infringed when he used the BitTorrent file distribution network to download Malibu's copyrighted films.  Bowser filed a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. Pro. 12(c).  Doc. 27.  Malibu responded (Doc. 36) and Bowser replied (Doc. 37).  For the reasons explained below, the Court **DENIES** Bowser's motion.

## I. Background

### A. Factual Background

#### 1. How BitTorrent Works

BitTorrent is a popular peer-to-peer file sharing system used to distribute large amounts of data, including digital movie files.  Doc. 9, p. 3, ¶10.  It allows users to directly interact with one another in order to share large files without creating a heavy load on any individual

---

[1] *See In Re Malibu Media Adult Film Copyright Infringement Cases*, 2015 WL 3605834, at *1 (E.D.N.Y. June 8, 2015).

1

source computer and/or network. Doc. 9, p. 3, ¶11. In doing so, BitTorrent users do not need to use intermediary host websites, which are subject to take down notices and potential regulatory enforcement actions. Doc. 9, p. 3, ¶11.

BitTorrent works by breaking a large file into many small pieces called bits. Doc. 9, p. 3, ¶12. Users exchange these small bits with each other. Doc. 9, p. 3, ¶12. Once the user receives all the bits of a digital media file, the user's BitTorrent client software reassembles the bits so that the file may be opened and utilized. Doc. 9, p. 3, ¶13.

Each bit in a BitTorrent file is assigned a unique cryptographic hash value, called a "bit hash." Doc. 9, p. 3, ¶14. The bit hash acts as that bit's unique digital fingerprint. Doc. 9, p. 3, ¶15. Every digital file has one single possible bit hash value correlating to it. Doc. 9, p. 3, ¶15. BitTorrent utilizes bit hash values to ensure that each bit is properly routed amongst BitTorrent users as they share files. Doc. 9, p. 3, ¶15. The digital movie file as a whole also has a unique cryptographic hash value, called a "file hash," which acts as a digital fingerprint identifying the digital movie file. Doc. 9, p. 3, ¶16. Once users complete downloading all the bits in a digital movie file, the BitTorrent software uses the file hash to determine that the file is complete and accurate. Doc. 9, pp. 3-4, ¶16. This activity constitutes copyright infringement if the activity is unauthorized and the films are copyrighted. Doc. 9, p. 3, ¶13; p. 6.

### 2. Malibu's Complaint

Malibu's Complaint alleges that it used an investigator, IPP International UG ("UG"), to establish a connection with "the Defendant's" Internet Protocol address ("IP address"). Doc. 9, p. 4, ¶ 17. Later allegations in the Complaint reveal that the subscriber to whom the IP address was registered was not Bowser himself but his mother, with whom Bowser lives. Doc 9, p. 5, ¶¶ 26, 27.[2] UG downloaded one or more bits of a number of digital movie files from the IP address.

---

[2] Bowser's Answer alleges that "he has lived with his mother in the past." Doc. 21, p. 6, ¶ 27.

Doc. 9, p. 4, ¶ 17.  Using available methods, UG established that the user persistently and habitually downloaded, copied, and distributed complete copies of Malibu's films without authorization.  Doc. 9, pp. 4-5, ¶¶ 19-25.

### B.  Procedural Background

Malibu originally brought this action against "John Doe subscriber assigned IP address: 98.27.177.139."  Doc. 1, p. 1.  That same day, it filed a motion for leave to serve a third party subpoena on Time Warner Cable, the internet service provider of IP address 98.27.177.139.  Docs. 2; 2-1, p. 3.  The Court granted Malibu's motion[3] and, thereafter, Malibu filed an Amended Complaint naming Bowser as the Defendant.  Doc. 9, p. 1.  In its Amended Complaint, Malibu explains, "At the time this case was originally filed, [Malibu] [k]new only that the infringer was using the Internet subscriber's IP address.  Usually, the subscriber is the infringer.  But as is the case here, sometimes, the infringer is another person who the subscriber has authorized to use the subscriber's Internet."  Doc. 9, p. 5, ¶ 29.  Upon learning that the name of the IP address subscriber was Bowser's mother, Malibu "conducted a pre-suit investigation."  Doc. 9, p. 5, ¶31.  It found, "The subjects of the works that [UG] recorded being distributed from the subject IP address match [Bowser]'s profession and his publically-declared interests on social media sites.  Consequently, discovery will likely show that [Bowser] was using BitTorrent regularly and that he also used it to infringe [Malibu]'s works."  Doc. 9, pp. 5-6, ¶¶ 32-33.

Bowser filed a Motion for Judgment on the Pleadings.  Doc. 27.  He argues that Malibu fails to state a claim against him because the Amended Complaint does not demonstrate that he downloaded Malibu's movies using his mother's account and that he is not the proper defendant in this case because he is not the IP address subscriber.  Doc. 27.

## II. Legal Standard

---

[3] This case was originally assigned to U.S. District Judge Sara Lioi, who ruled on Malibu's motion prior to the parties consenting to the jurisdiction of the undersigned.

"The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Fritz v. Charter Tp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010)(citing *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001)(internal citations omitted)).  "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment."  *Id*. (citing *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir.2007) (internal citations and quotation marks omitted)).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting Federal Rule of Civil Procedure 8(a)(2)).  A defendant is entitled to "fair notice of what the . . . claim is and the ground upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570.).  While great detail is not required, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also Whittiker v. Deutsche Bank Nat'l Trust Co*., 605 F.Supp.2d 914, 924–25 (N.D. Ohio 2009) (citing and relying on *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 550 (6th Cir. 2008) and *Erickson v. Pardus*, 551 U.S. 89 (2007) for the proposition that specific facts are not necessary)).

### III. Analysis

Bowser argues that Malibu "has not ple[]d sufficient factual content that allows the Court to draw the reasonable inference that this Defendant, Michael Bowser, is liable for alleged misconduct."  Doc. 27, p. 5.  He contends that (1) Malibu cannot "prove[]" that he had access to

4

his mother's IP account and (2) the evidence provided by Malibu only shows which titles the user viewed and when, and not that Bowser viewed and downloaded the movies using that IP address.  Doc. 27, p. 5.

Malibu responds that its Amended Complaint states a plausible claim for relief, including specific allegations in support of its claim and a *prima facie* case of copyright infringement.  Doc. 36, p. 2.  It also submits that the fact that Bowser is not the IP address subscriber does not "remove this case from the realm of 'plausibility.'"  Doc. 36, p. 6.

To establish copyright infringement, a plaintiff must prove two elements: (1) it owns a valid copyright and (2) the defendant copied original elements of the work.  *Feist Publ'n, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991); *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 387 F.3d 522, 534 (6th Cir. 2004).  The first element "is presumptively established by the copyright registration"; the second element "tests whether any copying occurred (a factual matter) and whether the portions of the work copied were entitled to copyright protection (a legal matter)."  *Id*.

### A. Malibu sufficiently alleges that copying occurred

Bowser does not challenge Malibu's assertion that it owns valid copyrights in its movies.[4]  Instead, his challenge is directed to the "factual matter" regarding whether any copying occurred.  *See id*.  The description of Malibu's investigation conducted by UG and the corresponding data accumulated has been sufficient to allege copyright infringement in similar cases.  *See, e.g., Malibu Media, LLC v. Sanchez*, 2014 WL 172301, at *1-3 (E.D.Mich. Jan. 15, 2014) (describing allegations in the complaint that the defendant used BitTorrent to copy and distribute elements of its copyrighted movies and the manner in which the plaintiff, through an investigator, established a direct TCP/IP connection with the defendant's IP address and downloaded bits of the plaintiff's

---

[4] Malibu attached to its Amended Complaint a printout of the United States Copyright Office Public Catalog listing Malibu as the copyright owner for the movies at issue in this case.  *See* Doc. 9-3.

digital movies, then verified that the file hash matched the file hash associated with those movies; these allegations were sufficient to withstand a motion to dismiss); *Malibu Media, LLC v. Doe*, 2014 WL 4986467, at *1-2 (S.D.Ohio Oct. 6, 2014) (same).  Here, Malibu alleges the following: Bowser used BitTorrent to copy and distribute elements of its copyrighted movies; UG established a direct TCP/IP connection with the IP address registered to Bowser's mother and downloaded bits of Malibu's digital movies from that IP address; UG verified that the file hashes matched the files associated with the list of Malibu's movies; and Malibu attached to the Amended Complaint a list of these movies along with their file hashes and dates they were downloaded as exhibits A and B.  *See* Docs. 9, pp. 4-5, ¶¶ 17-25; 9-1 (list of file hashes for IP address 98.27.177.139); 9-2 (list of "Copyrights-In-Suit" for IP Address 98.27.177.139).  The facts alleged by Malibu, if accepted as true, sufficiently demonstrate that the user of IP address 98.27.177.139 copied its copyrighted material and, therefore, states a claim for unlawful copying that is plausible on its face.  *See Doe*, 2014 WL 4986467, at *4; *Iqbal*, 556 U.S. at 678.

### B. Malibu sufficiently alleges that Bowser was the copier

Bowser more vehemently argues that the Amended Complaint does not state a claim against him as the infringer because he is not the subscriber of the IP address.  Doc. 27, p. 5.  He asserts that his mother is the subscriber of the IP address and that she should have been named defendant in this case.  Docs. 27, pp. 5, 7; 37, p. 3.  Since the filing of this lawsuit and the Amended Complaint, Bowser's mother has passed away; because she should be the named defendant, Bowser argues, this case must proceed against her estate in Probate Court.  Doc. 27, pp. 8-9.

Generally, copyright infringement cases such as the present case are brought against the IP address subscriber.  *Doe*, 2014 WL 4986467, at *4 ("Courts have consistently 'found copyright infringement claims to be sufficiently pled where the defendant was only identified by

6

an IP address[,]'" *quoting Malibu Media, LLC v. John Does 1–11*, 2013 WL 3732839, at *4 (S.D.N.Y. July 16, 2013) (collecting cases)).

> [T]he difficulty that the Plaintiff will ultimately have in proving that the individual John Doe Defendant was the one who actually utilized the IP address to commit the accused copyright infringement is not relevant in the context of a motion to dismiss. Instead, at this time, the Plaintiff merely has to state a plausible claim. Thus, while it is a reasonable possibility that the Defendant here did not commit any copyright infringement because another individual did so using his IP address, such as a different family member, visitor, neighbor, or passerby, it is an equally reasonable possibility that the Defendant committed the accused of act.

*Patrick Collins, Inc. v. John Doe 1*, 945 F.Supp.2d 367, 375 (E.D.N.Y. May 18, 2013). Although there is ample case law to support a claim stated against the IP address subscriber (even when the IP subscriber disputes that he or she committed the alleged acts), the factual circumstances in this case are different. Here, the claim was not lodged against the IP address subscriber. It was lodged against the IP address subscriber's son, who allegedly lives in his mother's house and committed the complained-of acts using his mother's IP address.

Malibu does not cite a case with facts similar to this one, i.e., a case in which the complaint names as the defendant a person who allegedly had access to the IP address but who is not the IP address subscriber. However, *Malibu Media, LLC v. Roldan*, 2014 WL 3805494 (M.D.Fla. Aug. 1, 2014) ("*Roldan*") is such a case. In *Roldan*, the plaintiff filed a complaint against John Doe, the subscriber of IP address 96.58.134.12, alleging copyright infringement of movies using BitTorrent. *Id.* at *1. Thereafter, the plaintiff amended its complaint and named Roldan as the defendant. *Id.* at *2. Roldan was not the IP address subscriber, but the subscriber's son. *Id.* In denying Roldan's motion to dismiss, the court held:

> While it may be true that the IP subscriber, or the son of an IP subscriber as it is in this instance, is not undoubtedly the infringing individual, the Plaintiff's burden at this stage is only to demonstrate plausibility. *See Iqbal*, 556 U.S. at 678–79; *cf., Malibu Media, LLC v. John Does 1–16*, 902 F.Supp.2d 690, 698 (E.D.Pa.2012) ("The Court acknowledges, however, that the information provided by the ISPs in response to the subpoenas will not necessarily reveal the identities of the actual infringers, but may, with

>other discovery, lead to the infringers' identities."). To that end, Plaintiff has alleged a plausible link between the subscriber assigned to IP address 96.58.134.12, Defendant, and the copyright infringement, and any factual disputes are inappropriate at this stage. *See Malibu Media LLC v. John Does 1–11*, No. 12 Civ. 3180(ER), 2013 WL 3732839, at *3–4 (S.D.N.Y. July 16, 2013) (finding plaintiff adequately pled a plausible claim of copyright infringement); *Malibu Media, LLC v. Pelizzo*, No. 12–22768–CIV, 2012 WL 6680387, at *3–4 (S.D. Fla. Dec 21, 2012) (same).

*Id*. In a later opinion in the *Roldan* case, the court explained that the plaintiff sued the son of the IP address subscriber "on the basis that he was 'the most likely infringer' given his preferences for movies as identified on his Facebook account." *Malibu Media, LLC, v. Roldan*, 2015 WL 556406, at *2 (M.D.Fla. Feb. 10, 2015).

Here, as in *Roldan*, Malibu learned the name of the IP address subscriber, engaged in an investigation, and determined that Bowser was the most likely infringer. It filed an Amended Complaint and named him as the defendant. In the Amended Complaint, Malibu asserts that Bowser is the most likely infringer based on "[Bowser's] profession and his publically-declared interests on social media sites" and because he lived in his mother's house. Doc. 9, pp. 5-6, ¶¶27, 32. Although Malibu does not elaborate as to what Bowser's profession or his alleged "publically-declared interests" are, the Court finds that, at this early stage, Malibu has alleged a plausible link between the subscriber assigned to IP address 98.27.177.139, Bowser, and the alleged copyright infringement. *See Roldan*, 2014 WL 3805494, at *2; *see also Patrick Collins, Inc. v. Does 1-6*, 2012 WL 2001957, at * 1 (S.D.N.Y. June 1, 2012) ("The fact that a copyrighted work was illegally downloaded from a certain IP address does not necessarily mean that the owner of that IP address was the infringer . . . . Indeed, the true infringer could just as easily be a third party who had access to the internet connection, such as a son or daughter, houseguest, [or] neighbor[.]"); *Digital Sin, Inc. v. John Does 1–176*, 279 F.R.D. 239, 242 (S.D.N.Y. Jan. 30, 2012) (reflecting that approximately 30% of IP subscribers are not the individuals who downloaded the copyrighted films).

In his reply brief, Bowser notes that there are ways in which an IP address can be stolen or misused by others. Doc. 37, p. 4. That may be true but "the Plaintiff's burden at this stage is only to demonstrate plausibility" (*Roldan*, 2014 WL 3805494, at \*2) and the hypothetical scenarios offered by Bowser do not detract from the fact that Malibu has met that burden. Malibu's Amended Complaint alleges facts that, taken as true, sufficiently state a claim for relief that is plausible, not merely speculative. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

### III. Conclusion

For the reasons stated above, Bowser's Motion for Judgment on the Pleadings (Doc. 27) is **DENIED**.

IT IS SO ORDERED.

Dated:  October 7, 2015

Kathleen B. Burke
United States Magistrate Judge